## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER W. NDAULA,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-1160** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **CLINTON COUNTY** | : | |
| **CORRECTIONAL** | : | |
| **FACILITY,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

On July 10, 2020, *pro se* Plaintiff Alexander W. Ndaula ("Plaintiff"), who was previously detained at the Clinton County Correctional Facility ("CCCF") by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against Defendants CCCF, Warden Angela Hoover ("Hoover"), Jason Kormanic ("Kormanic"), Well Path Care, and Medical Supervisor Jody Bainey ("Bainey"). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 6.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below,

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

the Court will grant Plaintiff's motion to proceed *in forma pauperis* and partially dismiss the complaint with leave to amend.

## I.    BACKGROUND

In his complaint, Plaintiff alleges that from September 2, 2019 through December 17, 2019, he "was an immigration detainee housed in the old part of [CCCF]." (Doc. No. 1 at 4.)  He "slipped and fell from a second floor staircase, rupturing [his] right patellar tendon." (*Id.*)  Plaintiff alleges that CCCF provided better care to local county inmates than that provided to immigration detainees. (*Id.*) After the fall, a doctor determined that Plaintiff's tendon had an internal tear, prescribed pain medication, and made a referral to an orthopedist. (*Id.*)  Plaintiff alleges that when he returned to CCCF he was placed in administrative lockdown for a few days. (*Id.*)

Plaintiff alleges that CCCF "withheld [his] pain medication and forced [him] to take 3200 mg of [ibuprofen] a day for the next 31 weeks." (*Id.*)  Plaintiff alleges further that CCCF delayed his appointment to see an orthopedist. (*Id.*)  After the results of an MRI came back, the orthopedists recommended that Plaintiff receive immediate surgery, but Plaintiff alleges that jail officials delayed that surgery. (*Id.*) Plaintiff had his surgery on September 27, 2019. (*Id.*)  He alleges that he was denied post-operative care because, while still under anesthesia and partially unconscious, he was "dragged out of the operating room and transferred to an administrative

isolation jail cell." (*Id.*)  Plaintiff claims further that after his surgery, his therapy appointments would "routinely be canceled." (*Id.*)  He avers that because of the inadequate care he received, his recovery "has extended and necessitates additional surgery." (*Id.*)  Plaintiff also complained of shoulder and back pain "but was denied care altogether." (*Id.*)  Plaintiff also alleges that he was taken to the emergency room in a vehicle with no disability access and that CCCF had no showers or bathrooms with grab bars "or similar access to safely exercise hygiene." (*Id.*)  Plaintiff claims that he was "forced to take showers in the sink in [his] cell until [his] release" on December 17, 2019. (*Id.*)

Based on the foregoing, Plaintiff alleges that his constitutional rights were violated because he was denied adequate medical care for his knee injury and denied medical care altogether for his shoulder. (*Id.* at 5.)  Plaintiff also alleges violations of the ADA based on CCCF's lack of appropriate accommodations. (*Id.* at 4-5.)  AS relief, Plaintiff seeks damages, legal costs, and lost wages. (*Id.* at 5.)

## II.    LEGAL STANDARD

### A.    Screening and Dismissal of *In Forma Pauperis* Complaints

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if the Court determines that certain specified conditions are met. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous

3

or malicious [or] fails to state a claim on which relief may be granted . . . .").  A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).  When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all

4

reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion:  (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed."  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

**B.      Claims Filed Pursuant to 42 U.S.C. § 1983**

Section 1983 is the vehicle by which private citizens may seek redress for

violations of federal constitutional rights committed by state officials. *See* 42 U.S.C.

§ 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means

through which "to vindicate violations of federal law committed by state actors."

*See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action

under Section 1983, a plaintiff must allege that: (1) the conduct complained of was

committed by persons acting under color of state law; and (2) the conduct violated a

right, privilege, or immunity secured by the Constitution or laws of the United States.

*See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting

*West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

### A.   Plaintiff's Complaint

#### 1.   Claims Under 42 U.S.C. § 1983

Plaintiff was an immigration detainee at the time of the events set forth above. As such, Plaintiff was entitled to heightened protection. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979); *E.D. v. Sharkey*, 928 F.3d 299, 306-07 (3d Cir. 2019). Plaintiff's constitutional claims, therefore, are properly considered under the Due Process Clause of the Fifth and/or Fourteenth Amendments instead of the Eighth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). The Third Circuit, however, has held that the "deliberate indifference" standard employed when analyzing denial of medical care claims under the Eighth Amendment also allies to detainees under the Fifth and Fourteenth Amendments. *See Simmons v. City of Phila.*, 947 F.2d 1042, 1067 (3d Cir. 1991). Deliberate indifference exists only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The standard is lower for detainees, who must show that the official knew or should have known, and consciously disregarded, the claimed risk. *See Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 320-21 (3d Cir. 2005).

### a.      Claims Against CCCF

Plaintiff names CCCF as a Defendant in this matter.  CCCF, however, is not a person subject to suit under § 1983.  *See Vazquez v. Dauphin Cty. Prison*, No. 1:19-cv-217, 2019 WL 2577381, at *3 (M.D. Pa. June 24, 2019).  Accordingly, the Court will dismiss any claims pursuant to § 1983 that Plaintiff asserts against CCCF.

### b.      Claims Against Defendants Hoover, Kormanic, and Bainey

Plaintiff also names Hoover, Kormanic, and Bainey as Defendants in the above-captioned case.  However, there are no averments related to them in the body of the complaint.  Thus, Plaintiff's claims against these individuals are subject to dismissal without prejudice for that reason alone.  *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing complaint pursuant to screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

It also appears that Plaintiff named Hoover, Kormanic, and Bainey as Defendants due to the supervisory positions at CCCF.  However, for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Solan v.*

*Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009).  Therefore, supervisors cannot be liable under § 1983 on the traditional standard of *respondeat superior*.  *See Santiago*, 629 F.3d at 128.  Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'"  *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).  Here, Plaintiff has pled no facts suggesting that Defendants Hoover, Kormanic, and Bainey participated or acquiesced in the alleged violation of his rights, and he has not identified any policy that allegedly caused the violation of his rights.  *See McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009).  Accordingly, any supervisory liability claims against these Defendants are subject to dismissal at this time.

### c.    Claims Against Defendant Well Path Care

Plaintiff has also named Well Path Care, the company that provides medical care at CCCF, as a Defendant in this matter.  However, under § 1983, a private corporation contracted to provide healthcare for inmates cannot be held liable

pursuant to *respondeat superior*; instead, a plaintiff must allege that the entity had a policy, practice, or custom that caused his or her injury. *See Shade v. Stanish*, No. 1:19-cv-1429, 2020 WL 869748, at *7 (M.D. Pa. Feb. 21, 2020); *see also Carpenter v. Kloptoski*, No. 1:08-cv-2233, 2010 WL 891825, at *8 (M.D. Pa. Mar. 10, 2010) (concluding that a § 1983 claim against a private medical service solely on the basis that it was responsible for providing health care is subject to dismissal).  Here, Plaintiff fails to allege any facts suggesting that the alleged deficiencies in his medical care were the result of Well Path Care's policies, customs, or practices. Accordingly, his § 1983 claims are subject to dismissal at this time.

B.     **Claims Under the ADA**

In order to establish a violation of Title II of the ADA, a plaintiff must allege that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *See Mutschler v. SCI Albion CHCA Health Care*, 445 Fed. App'x. 617, 621 (3d Cir. 2011) (citing 42 U.S.C. § 12132).  This provision extends to inmates detained in a county jail. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (noting that "[s]tate prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special

purpose district, or other instrumentality of a State or States or local government'"
(quoting 42 U.S.C. § 12131(1)(B))).

As an initial matter, while the Third Circuit has not addressed the issue
precedentially, most courts "have held that Title II does not authorize suits against
government officers in their individual capacities." *Williams v. Hayman*, 657 F.
Supp. 2d 488. 502 (D.N.J. 2008); *see also Bowens v. Wetzel*, 674 F. App'x 133, 136
(3d Cir. 2017) (noting that "the District Court could have properly followed the
holdings of those circuits which have concluded that there is no individual damages
liability under Title II of the ADA, which provides an additional basis to affirm the
dismissal of this claim"); *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 169-70
(3d Cir. 2015) (agreeing with the Second and Eighth Circuits that "Title II of the
ADA does not provide for suits against state officers in their individual capacities").
Accordingly, to the extent Plaintiff asserts his ADA claims against the individual
Defendants, he cannot do so.[2]  Plaintiff alleges that CCCF violated his rights under
the ADA because he was taken to the emergency room in a vehicle with no disability
access.  (Doc. No. 1 at 4.)  Plaintiff alleges further that CCCF had no showers or
bathrooms with grab bars "or similar access to safely exercise hygiene," and that he

---

[2] Under Title II of the ADA, plaintiffs may sue for prospective injunctive relief against state
officials.  *See Koslow v. Commonwealth*, 302 F.3d 161, 179 (3d Cir. 2002) (noting that "federal
ADA claims for prospective injunctive relief against state officials are authorized by the *Ex Parte
Young* doctrine").  Plaintiff, however, does not seek injunctive relief in this matter.

was "forced to take showers in the sink in [his] cell until [his] release" on December 17, 2019. (*Id.*) In light of these allegations, the Court concludes that Plaintiff has set forth a plausible ADA claim against CCCF at this time.

### C. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, it would be futile to permit Plaintiff to amend his § 1983 claims against CCCF as well as his ADA claims against the individual Defendants. However, it is neither clear that amendment would be futile, nor is there

any basis to believe that amendment would be inequitable, with respect to Plaintiff's § 1983 claims against Defendants Hoover, Kormanic, Well Path Care, and Bainey. Accordingly, Plaintiff will be granted leave to file an amended complaint with respect to those claims. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of each defendant in the acts that he claims violated his rights. Mere conclusory allegations will not set forth a plausible claim. Plaintiff is advised that if he fails to file an amended complaint, the above-captioned case will proceed only as to his ADA claims against CCCF.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 6) and partially dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's § 1983 claims against CCCF and his ADA claims against the individual Defendants will be dismissed with prejudice. Plaintiff's § 1983 claims against the individual Defendants and Well Path Care will

be dismissed without prejudice to Plaintiff's right to file an amended complaint as set forth above.  If Plaintiff fails to file an amended complaint, the above-captioned case will proceed only as to his ADA claims against CCCF.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: August 7, 2020