## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER W. NDAULA,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-1160** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **CLINTON COUNTY** | : | |
| **CORRECTIONAL** | : | |
| **FACILITY,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This matter is before the Court pursuant to *pro se* Plaintiff Alexander W. Ndaula ("Plaintiff")'s motion for reconsideration (Doc. No. 28) of the Court's December 30, 2020 Memorandum and Order (Doc. Nos. 25, 26) granting in part the motions to dismiss filed by Defendants. Defendants have filed briefs in opposition. (Doc. Nos. 29, 30.) For the following reasons, the Court will deny Plaintiff's motion for reconsideration.[1]

---

[1] Plaintiff has filed a motion for an extension of time to file a reply brief in this matter. (Doc. No. 32.) The Court, however, notes that it is "under no obligation to refrain from considering Plaintiff's motion[s] until he file[s] a reply brief." *King v. Mansfield Univ. of Pa.*, No. 1:11-cv-1112, 2015 WL 871693, at *3 (M.D. Pa. Feb. 27, 2015). The Local Rules of this Court make clear that the Court has unlimited authority to decide a motion before the expiration of the typical briefing schedule. *See* M.D. Pa. L.R. 7.6 (noting that "[n]othing in this rule shall be construed to limit the authority of the [C]ourt to grant any motion before expiration of the prescribed period for filing a brief in opposition"). The Court finds that the issues have been adequately briefed in Plaintiff's motion as well as Defendants' responses such that any reply by Plaintiff "would [not] have any material impact" on the Court's decision. *See Witasick v. Minn. Mut. Life Ins. Co.*, No. 12-3474, 2015 WL 758316, at *1 n.3 (D.N.J. Feb. 23, 2015). Accordingly, Plaintiff's motion for an extension of time (Doc. No. 32) will be denied as moot.

## I.    BACKGROUND

On July 10, 2020, Plaintiff, who was previously detained at the Clinton County Correctional Facility ("CCCF") by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against Defendants CCCF, Warden Angela Hoover ("Hoover"), Jason Kormanic ("Kormanic"), Well Path Care, and Medical Supervisor Jody Bainey ("Bainey").  (Doc. No. 1.)  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  (Doc. No. 6.)  In a Memorandum and Order dated August 7, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* and screened his complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA").  (Doc. Nos. 7, 8.)  The Court dismissed Plaintiff's § 1983 against CCCF and his ADA claims against the individual Defendants and Well Path Care with prejudice and dismissed his § 1983 claims against the individual Defendants and Well Path Care without prejudice.  (Doc. No. 8.)  Plaintiff was granted leave to file an amended complaint within thirty (30) days and was advised that if he failed to do so, the above-captioned action would proceed only as to his ADA claim against CCCF.  (*Id.*)  Plaintiff was advised that if he filed an amended complaint "[i]t must be a pleading which stands by itself without reference to the

2

original complaint or any other documents already filed." (*Id.*)  He was also advised that the amended complaint would supersede the original complaint.  (*Id.*)

After receiving an extension of time (Doc. No. 10, 11), Plaintiff filed his amended complaint on October 12, 2020 (Doc. No. 13).  Despite the Court's August 7, 2020 Order, Plaintiff twice stated that he is incorporating all statements made in his original complaint "as if stated herein." (*Id.* ¶¶ 1, 13.)  In his amended complaint, Plaintiff stated that he was in custody at CCCF between August 21, 2018, and December 17, 2019.  (Doc. No. 13 ¶ 3.)  On September 2, 2019, Plaintiff "slipped and fell from the second-floor staircase of a housing unit." (*Id.* ¶ 14.)  The fall caused him to "rupture his right patellar tendon, tear a muscle in his left shoulder blade, and injure his back and neck." (*Id.*)  Plaintiff was "denied pain medication prescribed for him at the local hospital." (*Id.*)  Plaintiff alleged that CCCF "has no reliable medical transport system, lacks medical housing for the severely injured, and no handicap accessible cells, toilets, and showers." (*ID.* ¶ 15.)  He maintained that his "medical appointments to off premises specialists were routinely delayed, his post operation therapy canceled on several occasions, and was denied any care for the shoulder, neck, and back injuries he also complained of." (*Id.* ¶ 16.)  He claimed that these actions "aggravated his injuries and extended his recovery process." (*Id.*)  Plaintiff also suggested that he was denied hygiene from September 2, 2019 until December 17, 2019.  (*Id.* ¶ 20.)  Plaintiff stated that he "cannot at this stage of these

3

proceedings, and need not, provide any more factual detail in support of his allegations against [D]efendants that is already set forth." (*Id.* ¶ 17.) Plaintiff raised violations of his due process rights by failing to provide adequate medical care and based upon poor prison conditions. (*Id.* ¶¶ 19-20.) He also asserted violations of Title II of the ADA because CCCF "lacked handicapped accessible cells, showers, and toilets." (*Id.* ¶ 21.) As relief, he sought damages. (*Id.* at 9.)

Defendants filed motions to dismiss the amended complaint. (Doc. Nos. 19, 23.) Plaintiff did not respond to the motions. In a Memorandum and Order dated December 30, 2020, the Court granted in part and denied in part the motion to dismiss filed by Defendants CCCF, Clinton County, Hoover, and Kormanic. (Doc. Nos. 25, 26.) The Court entirely granted the motion to dismiss filed by Defendants Well Path Care and Bainey. (*Id.*) The Court dismissed the § 1983 claims against Defendants and allowed Plaintiff's ADA claim against Defendants CCCF and Clinton County to continue. (*Id.*) The Court did not grant Plaintiff leave to file a second amended complaint with respect to his § 1983 claims, concluding that it would be futile to do so because he "ha[d] already had two chances to tell his story." (Doc. No. 25 at 21 (quoting *Jones v. Unknown D.O.c. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019).)

Plaintiff filed a motion for reconsideration on January 26, 2021. (Doc. No. 28.) He maintains that reconsideration is required because the Court "overlooked

'facts or legal issues properly presented' establishing he was denied medical care and [D]efendants did not meet their burden of proof to establish the absence of a genuine issue of material fact as to the seriousness of his medical needs." (*Id.* at 3.) He argues that his amended complaint properly referenced the original complaint "for inference purposes." (*Id.* at 4.) Plaintiff faults Defendants for not presenting any evidence to refute his claims. (*Id.* at 8-19.) Plaintiff requests that the Court grant his motion and allow his medical claims to go forward to discovery. (*Id.* at 19.)

## II.   DISCUSSION

Defendants maintain that Plaintiff's motion for reconsideration should be denied because: (1) it is untimely and (2) he has not met the standard for reconsideration. (Doc. Nos. 29, 30.) The Court considers these arguments in turn below.

### A.   Timeliness of Plaintiff's Motion

As noted *supra*, the Court's December 30, 2020 Memorandum and Order did not dispose of all of Plaintiff's claims for relief. Accordingly, Plaintiff seeks reconsideration of an interlocutory ruling, not a final judgment or order. While reconsideration of a final judgment or order may be considered under Federal Rules of Civil Procedure 59(e) or 60(b), "the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b)." *Cezair v. JP Morgan*

*Chase Bank N.A.*, No. 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014); *see also Qazizadeh v. Pinnacle Health Sys.*, 241 F. Supp. 3d 292, 298 (M.D. Pa. 2016) (noting that "motions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)"). Rule 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Defendants maintain that Plaintiff's motion is untimely under Local Rule 7.10, which states: "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59." M.D. Pa. L.R. 7.10. This Court has previously concluded that Local Rule 7.10 applies to motions for reconsideration pursuant to Rule 54(b). *See, e.g.*, *Pressley v. Huber*, No. 3:08-cv-449, 2017 WL 3268375, at *2 (M.D. Pa. Aug. 1, 2017); *Nittany Outdoor Advertising, LLC v. College Twp.*, 179 F. Supp. 3d 436, 439 (M.D. Pa. 2016).

Here, Plaintiff filed his motion for reconsideration more than fourteen (14)

6

days after the Court entered its December 30, 2020 Memorandum and Order. Plaintiff's motion, therefore, is untimely pursuant to Local Rule 7.10. "[D]istrict courts may not disregard local procedural rules without sound justification for doing so." *United States ex rel. Streck v. Allergan, Inc.*, 288 F.R.D. 88, 90 (E.D. Pa. 2012). A court "can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). "In other words, local rules are binding on the district court unless there is a justifiable reason to excuse their command." *Streck*, 288 F.R.D. at 91. Nothing before the Court suggests a basis for the Court to depart from the Local Rules and conclude that Plaintiff's motion is not untimely under Local Rule 7.10. As the Court has previously noted, Plaintiff has received permission to electronically file using the CM/ECF system. Plaintiff, therefore, receives all filings electronically, and he does not receive the benefit, usually given to the majority of *pro se* plaintiffs, of any additional days past the date on which a deadline ends to account for mailing documents to the Court. Accordingly, Plaintiff's motion for reconsideration is untimely under Local Rule 7.10 and, for that reason alone, must be denied.

## B.    Standard for Reconsideration

A motion for reconsideration with respect to a final order or judgment must

rely on one (1) of three (3) grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Bootay v. KBR, Inc.*, 437 F. App'x 140, 146-47 (3d Cir. 2011) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). To be successful, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Gray v. Wakefield*, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); *see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'").

      "While the standards articulated [above] are not binding in an analysis of Rule

54(b) motions, courts frequently look to these standards for guidance in considering such motions." *Ampro Computers, Inc. v. LXE, LLC*, No. 13-1937, 2016 WL 3703129, at *2 (D. Del. July 8, 2016) (quoting *Cezair*, 2014 WL 4955535, at *1). Reconsideration of interlocutory orders, however, "may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or the 'need to correct a clear error of law or fact to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 298 (quoting *Quinteros*, 176 F.3d at 677). "[T]he court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire and Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007)). Courts, however, should exercise this authority with a "light hand." *Foster v. Westchester Fire Ins. Co.*, No. 09-1459, 2012 WL 2402895, at *4 (W.D. Pa. June 26, 2012). The United States Court of Appeals for the Third Circuit has explained that while "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *In re Pharmacy Benefit Managers*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

Nothing in Plaintiff's motion for reconsideration causes the Court to

reconsider its dismissal of Plaintiff's § 1983 claims against Defendants. As an initial matter, Plaintiff's argument that the Court erred in granting summary judgment to Defendants is misplaced because the Court did not grant summary judgment. The above-captioned case has not proceeded to that stage and, therefore, Defendants had no burden to submit evidence with their motions to dismiss to refute Plaintiff's claims. Plaintiff essentially disagrees with the Court's decision, and a "motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002). The Court explicitly told Plaintiff that his amended complaint could not incorporate his original complaint. Plaintiff, however, disregarded that directive, and, therefore, the Court did not consider any statements made in the original complaint because the amended complaint is now the operative pleading. The amended complaint, however, failed to set forth plausible § 1983 claims regarding conditions of confinement and adequate medical care against Defendants. Moreover, Plaintiff's motion for reconsideration essentially seeks to argue against Defendants' motions to dismiss. Plaintiff had an opportunity to respond to the motions and failed to do so. For these reasons, Plaintiff has failed to satisfy the standard for motions for reconsideration, and his motion will, therefore, be denied.

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for reconsideration.  (Doc. No. 28.)  Plaintiff's motion for an extension of time (Doc. No. 32) to file a reply brief will be denied as moot.  An appropriate Order follows.

<u>s/ Sylvia H. Rambo</u>
United States District Judge

Dated: February 17, 2021