## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER W. NDAULA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:20-1160 |
| v. | : | (JUDGE MANNION) |
| CLINTON COUNTY<br>CORRECTIONAL FACILITY and<br>CLINTON COUNTY, | : | |
| Defendants | : | |

### MEMORANDUM

Before the court are a motion to dismiss for lack of prosecution, (Doc. 49), and a motion for continuance of jury selection and trial, (Doc. 55), filed by defendants Clinton County and Clinton County Correctional Facility (together, the "Defendants"). Also before the court are a motion for reconsideration (Doc. 52 at 1-7) and a motion of extension of time (Doc. 52 at 8-10) filed by plaintiff Alexander W. Ndaula (the "Plaintiff"). For the following reasons, the Plaintiff's two motions will be denied, the Defendants' motion to dismiss for lack of prosecution will be denied, and the Defendants' motion for continuance will be granted.

## I.   BACKGROUND

By way of relevant background,[1] the *pro se* Plaintiff initiated this action on July 10, 2020, asserting claims under 42 U.S.C. §1983 and the Americans with Disabilities Act ("ADA"). (Doc. 1). On December 30, 2020, Judge Rambo granted a motion to dismiss Plaintiff's §1983 claims and denied the motion as to his ADA claim. (Doc. 25). Thus, Plaintiff's claim under Title II of the ADA against the Defendants remains for trial.

This case was then reassigned to the undersigned. On March 22, 2022, the court issued a scheduling order, setting deadlines for motions *in limine* for May 3, 2022, a final pretrial conference for May 26, 2022, and jury selection and trial to begin on June 27, 2022. (Doc. 41).

On April 28, 2022, the Defendants filed two motions *in limine* to preclude evidence of compensatory damages relating to Plaintiff's personal injuries and evidence of punitive damages. (Docs. 42, 44). The Plaintiff did not file a timely opposition to the motions pursuant to the Local Rules. By an order dated May 24, 2022, the court granted the Defendants' motions *in limine*. (Doc. 47).

---

[1] Since the detailed background of this case is stated in the December 30, 2020 as well as the February 17, 2021 memoranda of Judge Sylvia H. Rambo, (Docs. 25, 33), and the May 24, 2022 order of this court, (Doc. 47), it is not repeated herein.

The Plaintiff did not appear for the final pretrial conference scheduled for May 26, 2022 and did not notify the court that he was unable to attend. (Doc. 48). The following day, on May 27, 2022, the Defendants filed a motion to dismiss for lack of prosecution and a supporting brief. (Docs. 49, 50).

On June 11, 2022, the Plaintiff filed a document containing the following motions and responsive briefs: a motion for reconsideration of the court's order granting the Defendants' motions *in limine*, (Doc. 52 at 1-7), a motion for extension of time to file an opposition to the motions *in limine*, *id*. at 8-10, a brief in opposition to the Defendants' motion *in limine*, *id*. at 10-14, and a brief in opposition to the Defendants' motion to dismiss for lack of prosecution, *id*. at 15-16.

The Defendants replied to the Plaintiff's opposition to their motion to dismiss as well as his motion for reconsideration, to which Plaintiff filed a sur reply. (Doc. 53, 54, 56). On June 17, 2022, the Defendants filed a motion for continuance of jury selection and trial. (Doc. 55). The parties' motions are ripe for disposition. (Doc. 49, Doc. 55, Doc. 52 at 1-7, Doc. 52 at 8-10).

## II. DISCUSSION

### a. Plaintiff's Motion for Extension of Time

The Plaintiff moves for an extension of time to file responsive briefs to the Defendants' motions *in limine* pursuant to Federal Rule of Civil Procedure 6(b). Rule 6(b) provides that a court may extend a filing deadline on a motion made after the deadline has expired "for good cause shown" if the party failed to act because of "excusable neglect." Fed.R.Civ.P. 6(b)(2). The court must consider the following factors when determining if excusable neglect exists: "the danger of prejudice [to the non-movant] ..., the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). The decision to grant or deny a request for an extension of time is within the discretion of the court. Fed.R.Civ.P. 6(b).

In the present case, under Local Rule 7.6, Plaintiff was permitted to file briefs in opposition to the Defendants' motions *in limine* within fourteen days of being served with the motions. *See* M.D.Pa. L.R. 7.6. However, he did not file his opposing brief until over one month after the fourteen-day period had expired.

While the Plaintiff avers that he "experienced personal circumstances that prevented [him] from being able to file a timely response to the motion in limine in the instant matter," he has not provided the court with any details or evidence indicating that his delay in filing a response to the Defendants' motions *in limine* was due to a good faith mistake or excusable neglect. (Doc. 52 at 8). He appears to have been aware of the relevant time limits, as he has successfully filed timely responsive briefs and motions for extensions of time in this action. Moreover, in granting the motions *in limine*, the court observed that punitive damages are unavailable under Title II of the ADA and that Plaintiff has submitted no evidence reasonably linking his physical injuries to the alleged Title II violations. (Doc. 47). As such, granting the tardy filing appears to serve little purpose beyond further delaying the proceedings.

Upon consideration of the relevant factors, the court concludes that Plaintiff has not demonstrated that his delay was the result of excusable neglect. Exercising its discretion, the court will deny the Plaintiff's motion for extension of time.

### b. Plaintiff's Motion for Reconsideration

The Plaintiff also moves for reconsideration of the court's May 24, 2022 order granting the Defendants' unopposed motions *in limine* to preclude

evidence of compensatory damages for personal injuries and to preclude evidence of punitive damages. (Doc. 47).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); *see also Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa. 1994), *aff'd* 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*. (citation omitted).

The Plaintiff's motion for reconsideration fails to meet this standard. Presently, the Plaintiff seeks reconsideration of the court's decision to grant the Defendants' motions *in limine* on the grounds that he was unaware of the pending motions *in limine* and that he is entitled to personal injury damages

under state law. (Doc. 52 at 4). However, the Plaintiff cannot recover personal injury damages under state law because his remaining claim is brought under Title II of the ADA, not state law.

Plaintiff's motion for reconsideration does not meet the standard set forth above. Instead, it essentially amounts to a request for an extension of time to file an opposition to Defendants' motions *in limine*. Accordingly, the motion for reconsideration will be denied.

### c. Defendants' Motion to Dismiss for Failure to Prosecute

Federal Rules of Civil Procedure 41(b) permits a trial court to dismiss a plaintiff's case for failure to prosecute. *See* Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In doing so, the court must balance the following factors set forth in *Poulis v. State Farm Fire and Cas. Co.*: "(1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).

However, the *Poulis* standard is not a "mechanical calculation" for deciding whether or not to dismiss a complaint and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). Rather, the standard is a balancing test, *United States v. 68.94 Acres of Land,* 918 F.2d 389, 397 (3d Cir. 1990), and the decision whether or not to dismiss a complaint under *Poulis* is within the discretion of the court. *Poulis,* 747 F.2d at 868.

The court has considered each of the six *Poulis* factors, and finds the second, third and sixth factors to be dispositive. Due to the limited prejudice caused by the Plaintiff's failure to appear for the final pretrial conference, the lack of evidence indicating a history of dilatoriness, and the possibly meritoriousness of the Plaintiff's claim, the court will decline to dismiss Plaintiff's action for failure to prosecute.

The court observes that because the Plaintiff is proceeding *pro se* in forma pauperis, "no alternative sanctions existed because monetary sanctions, including attorney's fees, would not be an effective alternative." *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008) (*quoting Emerson v. Thiel College,* 296 F.3d 184, 191 (3d Cir. 2002)).

However, there is no history of dilatoriness on the part of the Plaintiff. Given there is no evidence of record indicating that the Plaintiff has failed to

comply with the court's order on another instance, his failure to attend the final-pretrial conference and file a pre-trial memorandum do not establish a "history of dilatoriness." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."); *Briscoe,* 538 F.3d at 259 ("conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness.") (citations and internal quotations omitted).

The Defendants, moreover, have not demonstrated that the Plaintiff's conduct meaningfully prejudiced them in any way. Though the Plaintiff's failure to attend the final pretrial conference has caused a delay in the progression of this case, the Defendants have not presented evidence showing that the delay has impeded their ability to prepare a full and complete defense. *Compare Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003).

Further, it appears that the Plaintiff's remaining claim has possible merit as it withstood a Rule 12(b)(6) motion to dismiss. *Briscoe,* 538 F.3d at 259 ("Generally, in determining whether a plaintiff's claim is meritorious, we

use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim") (*citing Poulis, 747 F.2d at 869–70*).

The remaining *Poulis* factors, *i.e.*, the extent of the plaintiff's personal responsibility and whether plaintiff's conduct is willful or in bad faith, appear to be neutral under the present circumstances. The Plaintiff avers that "personal circumstances" not of his own fault had prevented him from receiving the correspondence pertaining to the instant matter, filing relevant responses, and attending the pretrial conference. (Doc. 52 at 15). As the Defendants have not pointed to any further evidence of personal responsibility, willfulness or bad faith on the part of the Plaintiff, the court finds that the first and fourth *Poulis* factors do not weigh in favor of dismissal.

In weighing the above factors, the court must ensure that the "extreme sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis, 747 F.2d at 870*. In light of the court's determinations as to each of the *Poulis* factors and given that the law favors a policy of resolving litigation on the merits, the court declines to dismiss Plaintiff's claim for failure to prosecute at this stage of the litigation.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration, (Doc. 52 at 1-7), Plaintiff's motion for extension of time, (Doc. 52 at 8-10), and Defendants' motion to dismiss for lack of prosecution, (Doc. 49), will be denied.

Because the court declines to dismiss the Plaintiff's action for lack of prosecution at this stage of the litigation, the Defendants' motion for continuance, (Doc. 55), will be granted. An appropriate order follows.


s/Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATED: June 28, 2022**
20-1160-01